Per curiam

The rule as laid down in 3 Co. Inst. 110, and 1 Inst. 227, is general and without .exception, that a jury in a capital ease cannot he discharged without giving a verdict; afterwards however, in,the reigns of the latter sovereigns of the Stuart family, a different rule prevailed,, that a jury in such case might he discharged for the purpose of ha vingbetter evidence against him at a future day ; and this power was exercised for the benefit of the crown only : but it is a doctrine so abhorrent to every principle of safety and security, that it ought not to receive the least countenance in the courts of this country In the time of James the second, and since the Revolution, this doctrine came under examination, and the rule as laid down by L.Coke w as revived with this addition, that a jury should not be discharged in a capital case, unless for the benefit of the prisoner ; as if the prisoner be a woman and be taken in labour ; or if the prisoner after the jury are charged with him, be found to be insane, and the like ; or if at the prisoner’s request, a jury be withdrawn to let him in to take the benefit of an exception, which otherwise he would have lost, as in the case ol Foster, hi the present case, the jury were suffered by the court’s officer to separate without giving a verdict.; as they could not agree to convict, it is strong evidence of the. party’s innocence ; and perhaps he could not be tried again with the same advantage to himself as then. Perhaps his witnesses are dead, or gone away, or their attendance not to be procured, or some accident may prevent their attendance. We will not again put his life in jeopardy, more especially as it is very improbable we shall be able to possess him of the same advantages — So he was discharged.
Note.—Vide State v. Spier, 1 Dev. Rep. 491, in which this case is recognized and confirmed.